THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ENRIQUE PLANAS COLLAZO, Defendant and Appellant.

No. CR-69-45.     Decided October 28, 1969.

*E. Armstrong Watlington* for appellant. *J. F. Rodríguez Rivera,
Acting Solicitor General,* and *Lydia Nieves Franqui, Assist-
ant Solicitor General,* for The People.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was convicted of selling bolita in violation of
the law, 33 L.P.R.A. § 1250, and sentenced to pay a fine of
$350. He assigns the following two errors: (1) That the
information lacks the necessary elements to charge a viola-

tion of the Bolita Act, and (2) that the evidence did not establish the commission of the crime.

The information reads as follows:

"The aforesaid defendant, Enrique Planas Collazo, on or about September 12, 1967, in Ponce, Puerto Rico, within the jurisdiction of the Superior Court of Puerto Rico, Ponce Part, there and then, illegally, maliciously, and criminally sold to Ramona Rodríguez Rodríguez number '285' to be wagered for $500 in the illegal game of Bolita or Bolipool."

■ Appellant's contentions are worthless. With regard to the first error, in *People* v. *Zayas,* judgment of June 25, 1969, the appellant therein was accused of "selling bolita numbers and of having in his possession and control a list of bolita numbers, . . . ." While the sale was performed there, no countersign, ticket, or material object of any kind was delivered. In that case we decided that the evidence did not establish the charge of possession, but, nevertheless, it established the charge of sale. Just as in the case at bar the appellant therein claimed that the only transactions punished by the law are those concerning material objects, but we rejected that interpretation. There we said:

"The delivery of a countersign is not necessary for the commission of the offense of selling bolita. *People* v. *Torres Avilés,* 90 P.R.R. 846 (1964). It is a well-known fact that bolita is gambled in multiple different forms. To adopt such a restrictive interpretation as the one suggested by appellant would defeat the purpose of the law. It is advisable to recall what we said in *People* v. *De Jesús,* 70 P.R.R. 36 (1949).

" '. . . To achieve this end the Legislature has tried to attack the evil the best it could. It was not practical to use a language too specific. It would have been most difficult, if not impossible, for the Legislature to foresee all the ingenious combinations and devices to which the violators of the law would resort in order to get around it.' "

■ Appellant also alleges that in the information it was not stated that the material was connected with the

bolita game and he maintains that this fact makes it insufficient. This is not correct. *People* v. *Trinidad Fernández*, 93 P.R.R. 877 (1967), was a case dealing with the possession of material not with the selling of bolita. To constitute an offense, naturally, the possession of such material as notebooks, list of numbers, tickets, etc., should be connected with the illegal game of bolita, and it must be so stated in the information. It is evident, that the mere possession thereof without having any relation with an illegal use is not an offense. But the situation at bar is very different. Here, the information is in the sense that appellant sold number 285 to be wagered in the bolita game. The information is sufficient for the charge of sale of bolita. This modality of the offense is committed *upon selling* the bolita number. The sale constitutes the illegal act forbidden by law, and it constitutes, by itself, the offense.

As we said before, the section contains two modalities. One is the possession and the other the sale. *People* v. *Ramírez*, 85 P.R.R. 428, 431 (1962). The case at bar is a case of sale. The information is sufficient to cover the modality of sale for which appellant was convicted.

■ In regard to the second contention, the witness testified that about 8:30 p.m. appellant visited Ramona Rodríguez and there, in the presence of the witness, sold to the former number 285 for $1.10 to be gambled in the bolita game. She testified also that for three or four weeks appellant had been selling that number to Ramona Rodríguez. The witness also testified that the purchaser paid the money, which she took out from a purse she had in a suitcase that was there. This evidence, believed by the trial court, supports the conviction.

The judgment rendered in this case by the Superior Court, Ponce Part, on August 30, 1968 will be affirmed.

Mr. Justice Hernández Matos did not participate herein.